UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAN ALBRECHT,<br><br>    Plaintiff,<br><br>v.<br><br>YANA TKACHENKO; d/b/a YANA ALBRECHT<br><br>    Defendant. | CIVIL ACTION NO.<br><br>**COMPLAINT FOR DAMAGES AND JURY DEMAND** |

**COMPLAINT AND JURY DEMAND**

NOW COMES the Plaintiff Jan Albrecht and sets forth the following allegations against Defendant Yana Tkachenko as his Complaint in this matter:

**I.    Parties**

1. Plaintiff Jan Albrecht ("Plaintiff") is an individual residing in Belmont, Massachusetts and conducting business in Cambridge, Massachusetts and throughout the United States and abroad, including Palo Alto, California.

2. Defendant Yana Tkachenko ("Defendant"), d/b/a Yana Albrecht, is an individual residing in Portola Valley, California and conducting business in Palo Alto, California.

**II.    Jurisdiction and Venue**

3. This Court has jurisdiction over the claims in this matter pursuant to 28 U.S.C. §1331 because, among other things, the claim is brought under the Federal statutes Lanham Trademark Act, 15 U.S.C. §1051, *et seq*. (the "Lanham Act"). This Court also has

1

subject matter jurisdiction pursuant to, among other things, 15 U.S.C. §§1125(a) and 1221 and 28 U.S.C. §§1332, 1338(a) and 1338(b).

4. This Court has personal jurisdiction over the parties because the claims set forth herein arise out of the actions of Defendant that were undertaken in this judicial district.

5. Venue in this judicial district is appropriate under 28 U.S.C. §1391 because a substantial part of the events giving rise to the causes of action set forth below occurred in this judicial district.

### III. Facts Common to All Counts

6. Plaintiff is an immigration attorney that has continuously marketed, advertised, promoted, offered for sale, and sold his legal services to prospective clients in Massachusetts and California in interstate commerce under the trademark ALBRECHT IMMIGRATION STRATEGIES since 2006.

7. Plaintiff has been offering his consultation services in the field of immigration law through his website www.immigrationado.com which promptly displays the trademark ALBRECHT IMMIGRATION STRATEGIES continuously since 2008. (*See* Exhibit A).

8. Plaintiff has, and has had, clients for his immigration legal services in the San Francisco Bay area, including Palo Alto, California since 2008.

9. Plaintiff has advertised his immigration legal services under the mark ALBRECHT IMMIGRATION STRATEGIES in the San Francisco Bay area, including Palo Alto, California, continuously since 2008 via his website www.immigrationado.com.

10. The ALBRECHT IMMIGRATION STRATEGIES mark is a symbol of Plaintiff's quality, reputation, and goodwill, and has never been abandoned.

11. Plaintiff has expended substantial time, money, and other resources marketing, advertising, and promoting his ALBRECHT IMMIGRATION STRATEGIES mark.

12. On May 6, 2014, Plaintiff received Federal Trademark Registration No. 4,525,248 from the United States Patent & Trademark Office for ALBRECHT IMMIGRATION STRATEGIES for *Legal consultation services; Legal services, namely, providing customized documentation, information, counseling, advice and consultation services in all areas of immigration law; Legal services, namely, providing customized information, counseling, advice and litigation services in all areas of immigration law*. (*See* Exhibit B).

13. Federal Trademark Registration No. 4,525,248 for the trademark ALBRECHT IMMIGRATION STRATEGIES, owned by Plaintiff, is the only Federal trademark registered at the United States Patent & Trademark Office that contains the mark ALBRECHT and is registered in connection with any legal services.

14. Plaintiff has never assigned, licensed, or acquiesced use of the trademark ALBRECHT IMMIGRATION STRATEGIES to the Defendant.

15. Plaintiff is the only entity to have acquired such trademark rights on the mark ALBRECHT IMMIGRATION STRATEGIES on legal services. Defendant does not now currently possess, and never has possessed, such rights.

16. Upon information and belief, until Defendant's recent usage, Plaintiff is the only attorney in the entire United States offering immigration legal services under the mark ALBRECHT.

17. Defendant is an immigration attorney who has offered her legal services to prospective clients in California since 2005.

18. Defendant's birth name was Yana Prokhorovich, and she adopted Plaintiff's name Albrecht after their marriage on May 7, 1997. Defendant and Plaintiff share joint custody of two minor children.

19. Plaintiff and Defendant were divorced on January 23, 2006 in the Commonwealth of Massachusetts. The divorce became final on April 25, 2006.

20. On or about July 2006, Defendant married Mr. Olexiy Tkachenko and adopted his last name Tkachenko subsequent to the marriage. Upon information and belief, on or about August 2006, Defendant began offering her immigration legal services under the name Yana Tkachenko.

21. Upon information and belief, Defendant did not use the name ALBRECHT personally, or professionally, in connection with the marketing, promoting, or advertising of her legal services from approximately August 2006 until on or about March 2013.

22. Upon information and belief, Defendant incorporated the entity BAY IMMIGRATION LAW with the Secretary of State of California on or about December 2012 under the name Yana Tkachenko. (*See* Exhibit C).

23. Upon information and belief, as of March 20, 2013, Defendant continued to use the professional signature of Yana Tkachenko with her work e-mail account sent to her current and prospective clients. (*See* Exhibit D).

24. Upon information and belief, as of March 2013, Defendant continued to use the professional name of Yana Tkachenko by preparing and filing a Labor Condition Application with the U.S. Department of Labor. (*See* Exhibit E).

25. Upon information and belief, on or about September or October 2013, Defendant continued to use the professional name of Yana Tkachenko by filing an extended Federal individual tax return Form 1040 with the Internal Revenue Service.

26. Upon information and belief, on or about September or October 2013, Defendant continued to use the professional name of Yana Tkachenko by filing an extended individual tax return with the State of California.

27. Upon information and belief, as of September 20, 2013, Defendant continued to use the professional name of Yana Tkachenko by preparing and filing an Affidavit with The Probate and Family Department of the Trial Court of the Commonwealth of Massachusetts. (*See* Exhibit F).

28. Upon information and belief, as of October 24, 2013, Defendant continued to use the professional name of Yana Tkachenko by preparing and filing an Affidavit with the Superior Court of the State of California in and for the County of Santa Clara Family Court, Case No. 613FL010881. (*See* Exhibit G).

29. Upon information and belief, as of June 12, 2014, Defendant continued to use the professional name of Yana Tkachenko by forwarding a PAYPAL® reimbursement e-mail to Plaintiff. (*See* Exhibit H).

30. Upon information and belief, since or about April 2013, Defendant has continuously displayed, marketed, promoted, advertised, offered to sell, and sold her immigration legal services to prospective clients in interstate commerce under the name Yana ALBRECHT through the websites:

    http://bayimmigrationlaw.com/about/
    http://www.avvo.com/attorneys/94301-ca-yana-albrecht-4426054.html
    http://www.linkedin.com/pub/yana-albrecht/2/b6b/460

      http://www.zoominfo.com/p/Yana-Albrecht/2031480523
      https://plus.google.com/112345253373350970051/about

(*See* Exhibits I, J, K, L, and M).

31. Upon information and belief, since on or about April 2013, Defendant has maintained a website, http://bayimmigrationlaw.com/about/, accessible in California and Massachusetts, that is displayed on GOOGLE® Search Results for the terms "Albrecht immigration San Francisco," "Albrecht immigration California," "Albrecht immigration Massachusetts," "Albrecht immigration Boston," and many others (*See* Exhibits N and O).

32. Upon information and belief, Defendant's website intentionally solicits business from nationwide clients for Defendant's immigration legal services.

33. The American Immigration Lawyers Association (AILA) is a national association of more than 13,000 attorneys and law professors who practice and teach immigration law. Upon information and belief, Plaintiff and Defendant are the only immigration attorneys listed under the AILA that use the mark ALBRECHT in connection with immigration legal services.

34. Upon information and belief, due to the former marriage of Defendant to Plaintiff, their frequent contact and co-parenting responsibilities towards their minor children, Defendant had full knowledge of Plaintiff's ownership of the trademark ALBRECHT IMMIGRATION STRATEGIES for immigration services, including his exclusive right to use and license such intellectual property, and the goodwill associated therewith.

35. Upon information and belief, due to the former marriage of Defendant to Plaintiff, their frequent contact and co-parenting responsibilities towards their minor children, Defendant had full knowledge of Plaintiff's immigration services continuously marketed,

6

promoted, and advertised under the trademark ALBRECHT IMMIGRATION STRATEGIES in interstate commerce, including California, as early as 2007.

36. Upon information and belief, due to the former marriage of Defendant to Plaintiff, their frequent contact and co-parenting responsibilities towards their minor children, Defendant had full knowledge that Plaintiff has been marketing, advertising, promoting, offering to sell, and selling his consultation services in the field of immigration law through his website www.immigrationado.com with the trademark ALBRECHT IMMIGRATION STRATEGIES continuously since 2008.

37. Upon information and belief, due to the former marriage of Defendant to Plaintiff, their frequent contact and co-parenting responsibilities towards their minor children, Defendant had full knowledge that Plaintiff has had clients for his immigration legal services in the San Francisco Bay area, including Palo Alto, California, since 2008.

38. Upon information and belief, due to the former marriage of Defendant to Plaintiff, their frequent contact and co-parenting responsibilities towards their minor children, Defendant had full knowledge that Plaintiff has marketed, advertised, promoted, offered for sale, and sold his immigration legal services under the mark ALBRECHT IMMIGRATION STRATEGIES in the San Francisco Bay area, including Palo Alto, California, continuously since 2008.

39. On or about September 2013, Plaintiff became aware of Defendant's immigration legal services being marketed and advertised for profit bearing the trademark, "ALBRECHT," whose sales were capitalizing on the trademark of Plaintiff without permission from Plaintiff for such use.

40. Since on or about late 2013, Plaintiff has experienced increased actual consumer confusion between Plaintiff's ALBRECHT IMMIGRATION STRATEGIES services and Defendant's services offered under the name ALBRECHT.

41. On October 7, 2013 Plaintiff, through his attorney, sent Defendant a cease and desist letter regarding the marketing and advertising of legal immigration services that used the trademark of Plaintiff without his permission.

42. On October 25, 2013, Defendant, through her attorney, sent Plaintiff a letter refusing to stop use of the ALBRECHT trademark.

43. On May 1, 2014, Plaintiff through his attorney sent Defendant a second cease and desist letter regarding the marketing and advertising of legal immigration services that used the trademark of Plaintiff without his permission. Other than confirming receipt, Defendant did not substantively respond to Plaintiff's May 1, 2014 letter.

44. Upon information and belief, Defendant is marketing, advertising, and promoting immigration legal services under the trademark ALBRECHT with the knowledge that such services will be mistaken for the services offered by Plaintiff. The net effect of Defendant's actions will be to result in the confusion of consumers who will believe Defendant's unauthorized services are services originating from and approved by Plaintiff.

45. The Defendant is conducting her infringing activities at least within this District. As a result, the Defendant is defrauding the Plaintiff and the consuming public for the Defendant's own benefit. Defendant's infringing activities do not simply amount to the wrong description of her services.

46. The Defendant's infringing activities are likely to cause confusion, deception, and mistake in the mind of consumers, the public, and the trade. The Defendant's wrongful conduct is likely to create a false impression and deceive consumers into believing there is a connection or association between Plaintiff's services and Defendant's services.

47. Defendant has not accounted to Plaintiff for these sales that have capitalized on the use of Plaintiff's trademark.

48. Plaintiff has a protectable interest in the trademark ALBRECHT IMMIGRATION STRATEGIES and its derivatives.

49. Defendant has willfully and intentionally used the Plaintiff's trademark for profit and thereby infringed upon Plaintiff's property rights, including his rights in the term and mark ALBRECHT IMMIGRATION STRATEGIES and derivatives thereof.

50. Defendant's actions have deprived Plaintiff of assets and income.

IV.     Causes of Action

### COUNT I

**(Violation of Lanham Act for Infringement of Registered Trademark)**

51. Plaintiff repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

52. Defendant's use of the ALBRECHT name, term, trademark, and derivatives thereof has created a likelihood of confusion about the origin of the services offered by Plaintiff.

53. Plaintiff has developed and owns a protectable trademark right in the ALBRECHT IMMIGRATION STRATEGIES name, term, trademark, and derivatives thereof.

54. Defendant is using or has used a confusingly similar mark in such a way that it creates a likelihood of confusion, mistake and/or deception with the consuming public.

55. The services offered by Defendant in interstate commerce are the same as those offered by Plaintiff and/or the actions of Defendant make it appear that their services are associated with, affiliated with, connected to, approved by, authorized by, or sponsored by Plaintiff.

56. The use of Plaintiff's mark to identify Defendant's services causes a likelihood of consumer confusion.

57. Defendant's unfairly competed with Plaintiff by the sale of immigration legal services bearing the protected term ALBRECHT and derivatives thereof.

58. By her actions, Defendant has unfairly competed through false designation of origin, false representation of sponsorship or affiliation, and infringement of Plaintiff's trademark in violation of Section 43(a) of the Lanham Act.

59. Upon information and belief, Defendant's actions were willfully intended to trade on the goodwill and reputation of Plaintiff.

60. Plaintiff requests all relief afforded under the Lanham Act for the actions and omissions set forth herein; including but not limited to injunctive and monetary relief under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

### COUNT II
**(Violation of Unfair Competition Law (UCL); Business and Professions Code §§ 17200 et seq.)**

61. Plaintiff restates and realleges each of the foregoing paragraphs as if fully set forth herein.

62. Defendant is engaged in trade or commerce within the State of California.

63. Due to the conduct alleged herein, Defendant engaged in unfair competition and unfair and deceptive trade practices under the UCL.  Among other things, Defendant wrongfully used Plaintiff's trademark for profit for her own use without license or consent.

64. By her actions, Defendant is "palming off" the trademark of Plaintiff and creating consumer confusion due to her unauthorized use of the term ALBRECHT and derivatives thereof in the sale of their services.

65. Plaintiff's trademark has acquired a secondary meaning, such that confusion as to their source is likely to arise if Defendant is allowed to copy it.

66. Defendant's actions described herein were performed willfully and knowingly.

67. As a result of the unfair and deceptive conduct set forth herein, Plaintiff sustained injuries, including but not limited to, irreparable injury to trademarks, trade names, goodwill and reputation, actual damages and lost profits, out of pocket expenses to mitigate the issues described herein, and litigation costs and expenses, including attorney's fees, associated with the pursuit of this matter and the filing of this action.

68. Plaintiff is entitled to be compensated for all harm sustained by it and to all damages allowed by law, including treble damages, costs, interest, and attorney's fees.

## COUNT III

**(Violation of Unfair Competition Law (UCL); Business and Professions Code §§ 17500 et seq.)**

69. Plaintiff restates and realleges each of the foregoing paragraphs as if fully set forth herein.

70. Defendant is engaged in trade or commerce within the State of California.

71. Defendant has made and disseminated to the public, through her websites, a misleading and untrue association of her professional services with Plaintiff's services and legal reputation.

72. Defendant's actions described herein were performed willfully and knowingly.

73. As a result of the unfair and deceptive conduct set forth herein, Plaintiff sustained injuries, including but not limited to, irreparable injury to trademarks, trade names, goodwill and reputation, actual damages and lost profits, out of pocket expenses to mitigate the issues described herein, and litigation costs and expenses, including attorney's fees, associated with the pursuit of this matter and the filing of this action.

74. Plaintiff is entitled to be compensated for all harm sustained by it and to all damages allowed by law, including treble damages, costs, interest, and attorney's fees.

## COUNT IV

**(Violation of California Consumers Legal Remedies Act (CLRA); Cal. Civ. Code § 1750 et seq.)**

75. Plaintiff restates and realleges each of the foregoing paragraphs as if fully set forth herein.

76. Defendant engaged in trade or commerce within the State of California.

77. Due to the conduct alleged herein, Defendant engaged in unfair competition and unfair and deceptive trade practices under the CLRA. Among other things, Defendant wrongfully used Plaintiff's trademark for profit for her own use without license or consent.

78. By her actions, Defendant is "palming off" the trademark of Plaintiff and creating consumer confusion due to her unauthorized use of the term ALBRECHT and derivatives thereof in the sale of their services.

79. Plaintiff's trademark has acquired a secondary meaning, such that confusion as to their source is likely to arise if Defendant is allowed to copy it.

80. Defendant's actions described herein were performed willfully and knowingly.

81. As a result of the unfair and deceptive conduct set forth herein, Plaintiff sustained injuries, including but not limited to, irreparable injury to trademarks, trade names, goodwill and reputation, actual damages and lost profits, out of pocket expenses to mitigate the issues described herein, and litigation costs and expenses, including attorney's fees, associated with the pursuit of this matter and the filing of this action.

82. Plaintiff is entitled to be compensated for all harm sustained by it and to all damages allowed by law, including treble damages, costs, interest, and attorney's fees.

## COUNT V

### (Common Law Trade Name Infringement)

83. Plaintiff restates and realleges each of the foregoing paragraphs as if fully set forth herein.

84. California common law protects trade names and prevents others from using the same name or a similar name in order to mislead the public by "palming off" their services as those of the plaintiff.

85. As set forth more fully above, Defendant is using and/or has used the same name or a similar name, services and services as Plaintiff that results, or shall result, in misleading the public about the origin of the services and services.

86. In this way, Defendant "palming off" the goodwill of Plaintiff's marks and injuring Plaintiff's business and reputation.

87. The wrongful actions of Defendant described herein were performed willfully and knowingly.

88. Plaintiff has been harmed by the conduct alleged herein and is entitled to be compensated for the damages sustained as provided by law, including lost royalties, dilution of trademark value, harm to goodwill and reputation, lost profits, costs, interest and attorney's fees.

## COUNT VI

### (Unjust enrichment)

89. Plaintiff restates and realleges each of the foregoing paragraphs as if fully set forth herein.

90. As a result of the conduct described above, the Defendant has been unjustly enriched at the expense of the Plaintiff.

91. Defendant should be required to disgorge all monies, profits, and gains which she obtained or will unjustly obtain in the future at the expense of the Plaintiff from customers that should have been directed to Plaintiff, and a constructive trust should be imposed thereon for the benefit of the Plaintiff.

## COUNT VII

### (Common Law Unfair Competition)

92. Plaintiff restates and realleges each of the foregoing paragraphs as if fully set forth herein.

93. Defendant's adoption and use of ALBRECHT within Plaintiff's Territory, as pleaded above, is confusingly similar to Plaintiff's name and mark and is likely to mislead consumers of immigration legal services to conclude that Defendant is associated or connected with or sponsored by Plaintiff. Therefore, Defendant has competed unfairly with Plaintiff by falsely designating the origin or falsely representing a connection with Plaintiff.

94. Plaintiff has been and is being damaged by such violation and has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands:

1. That Defendant, and all those in active concert or participation with them, be permanently enjoined and restrained from:

   a. Using the ALBRECHT name or mark or any other similar mark that is that is likely to cause confusion, mistake or deception with Plaintiff's ALBRECHT name and mark;

   b. Doing any other act likely to induce the mistaken belief that Defendant or her services are in any way approved by or affiliated, connected or associated with Plaintiff; and

15

  c. Unfairly competing with Plaintiff in any manner whatsoever or causing injury to the business reputation of Plaintiff.

2. That the Defendant remove the term ALBRECHT from all marketing materials and websites owned or controlled by Defendant.

3. That this Court issue a judgment that Defendant has competed unfairly with Plaintiff and have infringed on Plaintiff's trademark rights.

4. That an accounting is granted against Defendant, and that Plaintiff be awarded monetary relief in an amount to be fixed by the Court, in its discretion, as just, including:

  a. All profits received by Defendant from revenues resulting from their unlawful actions;

  b. All damages sustained by Plaintiff as a result of Defendant's acts of infringement and unfair competition; and

  c. An order awarding Plaintiff compensatory, consequential and other damages, including pre- and post-judgment interest, suffered as a result of Defendant's violations of 15 U.S.C. §1125(a) .

5. That Defendant files with the Court and serves upon Plaintiff within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction.

6. That because of the exceptional nature of this case, resulting from Defendant's deliberate and willful infringement, this Court award Plaintiff his reasonable attorney's fees, costs and disbursements.

7. That Plaintiff has such other and further relief as this Court may deem just.

## JURY DEMAND

Plaintiff demands a trial by jury on all counts of the Complaint that are so triable.

        Respectfully submitted,

        **Mr. Jan Albrecht**

        By his attorney,

        */s/ Susan Von Posern*
        Susan Von Posern (California Bar No. 168488)
        susanvonposern@cox.net
        265 Santa Helena, Suite 120
        Solana Beach, California 92075
        (858) 229-4054

Dated:    December 15, 2014