UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAN ALBRECHT,<br>    Plaintiff,<br>    v.<br>YANA TKACHENKO,<br>    Defendant. | Case No. 14-cv-05442-VC<br>**ORDER GRANTING MOTION TO DISMISS**<br>Re: Docket No. 12 |

The plaintiff, Jan Albrecht, is suing his ex-wife, Yana Albrecht, for trademark infringement for her use of the surname "Albrecht." For that reason, as well as for the reasons stated below, the complaint is dismissed with prejudice.

Jan and Yana were married in 1997, and she took his last name. They later divorced, and Yana remarried, taking her new spouse's surname, "Tkachenko." When she divorced again in 2013, she changed her last name back to "Albrecht." Albrecht is the last name on Yana's law school diploma, her Massachusetts bar card, her social security card, and her certificate of naturalization. It is also the last name of her two children. Request for Judicial Notice, Exs. A-D, J.[1]

Jan and Yana are both immigration attorneys. Jan practices law under the business name, "Albrecht Immigration Strategies," which he trademarked. His office is in Cambridge, Massachusetts. Yana is a managing partner of the law firm, "Bay Immigration Law," and her office is in Palo Alto, California. Jan contends that Yana's use of the surname "Albrecht" in her practice infringes on his trademark in "Albrecht Immigration Strategies."

---

[1] The Court takes judicial notice of these documents to show that Yana's last name on the documents was Albrecht and that the last name of her two children is Albrecht.

1    The complaint in this case does not, and could not, adequately plead that Yana's use of her
2 last name is likely to cause confusion.  Yana and Jan have different first names, practice law under
3 different business names, and have their offices in different states.  Yana markets her legal
4 services under the corporate name "Bay Immigration Law," which is a separate legal entity.
5 Compl. ¶ 22, Ex. C.  The Bay Immigration Law website includes a short bio of Yana, identifying
6 her as "Yana Albrecht," but it does not otherwise use the name Albrecht or Albrecht Immigration
7 Strategies to advertise legal services.  *See* Compl. ¶¶ 30-31 (citing
8 http://bayimmigrationlaw.com/about/).  And Yana's social media profiles do not mention Jan
9 Albrecht or Albrecht Immigration Strategies, either.  Yana has never worked for or been
10 professionally associated with Jan Albrecht or Albrecht Immigration Strategies.  Although Jan and
11 Yana both provide immigration legal services and use the internet to reach clients, the source of
12 the legal services is unmistakable.  It is simply not plausible that a reasonably prudent consumer
13 would be confused as to which lawyer she was employing.  *See, e.g., Hensley Mfg. v. ProPride,*
14 *Inc.*, 579 F.3d 603, 610-11 (6th Cir. 2009); *Murray v. Cable Nat'l Broad. Co.*, 86 F.3d 858, 860
15 (9th Cir. 1996).[2]

16    Moreover, assuming consumer confusion was possible, Yana's use of her name is a fair
17 use, because it is her last name, and she is simply using it to identify herself.  15 U.S.C. §
18 1115(b)(4); *see Hensley Mfg.*, 579 F.3d at 612.  Nor is it plausible that she went back to the name
19 Albrecht, which is the last name on her law school diploma, bar card, and other important
20 documents, and which is the last name of her two children, for the bad faith purpose of trading on
21 Jan's legal reputation.

22    The state law claims are also dismissed.  The parties agree that the California Unfair
23 Competition Law claims (Sections 17200 and 17500), the common law unfair competition claim,

---

[2] In an effort to demonstrate that Yana advertises her legal services using the name Albrecht, the complaint refers to and attaches printouts from several websites, including the Bay Immigration Law website and Yana's LinkenIn, ZoomInfo, Avvo, and Google Plus profiles.  Compl. ¶ 30.  But these websites identify Yana as an attorney working for Bay Immigration Law, and to the extent they list contact information, they list the company phone number and address.  The name Albrecht is used only as her last name to identify her.  And even if Yana did advertise herself using her last name, that would not create a likelihood of consumer confusion, for the reasons stated above.

and the common law trademark infringement claim all stand or fall with the federal trademark claim. The plaintiff did not respond to the motion to dismiss his California Consumers Legal Remedies Act claim or his unjust enrichment claim, so these claims are dismissed as well. Additionally, unjust enrichment is not an independent cause of action in California. *See United Food & Commercial Workers Local 1776 & Participating Employers Health & Welfare Fund v. Teikoku Pharma USA, Inc.*, 2014 WL 6465235, at *29 (N.D. Cal. Nov. 17, 2014).

Dismissal is with prejudice, because there is no set of facts under which the plaintiff will be able to state a claim. The Court is tentatively of the view that this lawsuit warrants sanctions. Yana may therefore file a motion to recoup her costs and attorneys' fees, together with a declaration (or declarations) describing and justifying those costs and fees, within 14 days of entry of judgment.

**IT IS SO ORDERED.**

Dated: March 16, 2015

_____
Vince Chhabria
United States District Judge