UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAN ALBRECHT,<br>        Plaintiff,<br>    v.<br>YANA TKACHENKO,<br>        Defendant. | Case No. 14-cv-05442-VC<br><br>**ORDER GRANTING MOTION FOR ATTORNEYS' FEES**<br>Re: Doc. No. 27 |

      Because the plaintiff's Lanham Act claim was "groundless, unreasonable, [and] vexatious," this is an "exceptional" case and the defendant, Yana Albrecht, is entitled to attorneys' fees and costs.  15 U.S.C. § 1117(a); *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1156 (9th Cir. 2002) (quotation omitted); *cf. Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, ─ U. S. ─, 134 S.Ct. 1749, 1756 (2014) ("[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position . . . or the unreasonable manner in which the case was litigated.").  The reasoning set forth in the Court's prior order dismissing the case shows that the words "groundless," "unreasonable," and "vexatious" are, if anything, a charitable description of the plaintiff's lawsuit.

      In addition to the Lanham Act claim, the plaintiff alleged various state law claims. Typically, "a prevailing party in a case involving Lanham Act and non-Lanham Act claims can recover attorneys' fees only for work related to the Lanham Act claims." *Gracie v. Gracie,* 217 F.3d 1060, 1069 (9th Cir. 2000).  A party cannot recover for non-Lanham Act claims "unless the court finds the claims are so inextricably intertwined that even an estimated adjustment would be

meaningless." *Id.* Here, the state law claims relied on the same factual allegations as the federal claim. The plaintiff acknowledged that the California Unfair Competition Law claims (Sections 17200 and 17500), the common law unfair competition claim, and the common law trademark infringement claim stood or fell with the Lanham Act claim. *See* Order, Doc. No. 24. It is therefore impossible to differentiate between the work done on these claims and the federal claim. *See BBQ Hut, Inc. v. Maelin Enterprises, LLC*, 2008 WL 2687685, at *3 (D. Ariz. July 3, 2008). The plaintiff also asserted a claim under the California Consumers Legal Remedies Act and a claim for unjust enrichment. But California does not recognize an independent cause of action for unjust enrichment, and the plaintiff did not respond to the motion to dismiss his Consumers Legal Remedies Act claim. Any extra work required by the defendant on these claims was undoubtedly negligible. *See id.*

The amount requested is reasonable. The hours spent defending this lawsuit are reasonable and supported by detailed invoices and declarations by the attorneys. The attorney and non-attorney hourly rates are also reasonable. The attorneys' hourly rates of $495 and $475 are much lower than the rates provided in the *Laffey* matrix ($789 and $655, respectively). The paralegal's rate of $275 is higher than the *Laffey* matrix rate of $179, but it's reasonable given that she has a J.D., and considering the lower rates used by the attorneys. Finally, the costs are reasonable and supported by evidence.

Accordingly, the defendant is entitled to an award for all fees and costs incurred. The plaintiff is ordered to pay the defendant $58,929.42.

In addition, this case appears to call for sanctions under Rule 11 or Section 1927. Accordingly, counsel for the plaintiff is ordered to show cause for why he/she should not be jointly and severally liable for the fee award under Rule 11 or Section 1927. Counsel for the plaintiff should file a brief responding to the order to show cause, not to exceed 10 pages, by May 21. A hearing on the order to show cause will take place June 4. The defendant need not file a

response, but may do so by May 28 if she wishes (although the Court will not award any fees incurred by the defendant in responding to the plaintiff's response to the order to show cause).

**IT IS SO ORDERED.**

Dated: May 11, 2015

_____
VINCE CHHABRIA
United States District Judge